UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| IN RE APPLICATION OF FISCHER ADVANCED COMPOSITE COMPONENTS AG FOR AN ORDER OF DISCOVERY PURSUANT TO 28 U.S.C. § 1972 | CASE NO. C08-1512RSM<br><br>ORDER DENYING MOTION TO COMPEL |

## **I. INTRODUCTION**

This matter comes before the Court on Fischer Advanced Composite Components AG's ("FACC") Motion to Compel. (Dkt. #1). FACC seeks discovery of certain communications made by a corporation residing in this district to its subsidiary company in the United Kingdom for use in foreign proceedings. FACC also seeks to depose two individuals at the corporation. For the reasons set forth below, the Court disagrees with FACC, and DENIES FACC's Motion to Compel.

## **II. DISCUSSION**

### **A. Background**

The instant motion arises from proceedings originally initiated in the High Court of England (the "English Proceedings") by FACC, an Austrian company, against St. Bernard Composites, Ltd. ("St. Bernard"), a U.K. company, for breach of contract and tortious intimidation. In sum, FACC alleges in the English Proceedings that St. Bernard violated an agreement entered into by the parties on December 31, 2005 (the "Frame Contract") wherein

ORDER
PAGE - 1

St. Bernard supplied FACC with airplane parts. In turn, FACC sold these parts to Rolls Royce who used them for the construction of engines for certain Airbus airplanes. FACC argues that St. Bernard unreasonably demanded excessive payment amounts in violation of the Frame Contract, thereby unilaterally changing the agreed upon contract terms and business practices of the parties. FACC claims that it suffered over €11 million in monetary damages. Meanwhile, St. Bernard claims that no final agreement was reached between the parties, and therefore they contest the validity of the Frame Contract. Notably, the parties had previously contracted with each other from 2001-2005.

After bringing suit against St. Bernard, FACC sought discovery from Primus International, Inc. ("Primus") in the English Proceedings. Primus, which is a U.S. company based in Bellevue, Washington, acquired St. Bernard in April of 2007. St. Bernard is now a wholly-owned subsidiary of Primus. FACC seeks discovery related to communications and representations made by Primus to St. Bernard to determine if St. Bernard took action based on directives from Primus. Furthermore, FACC seeks discovery related to any representations made by Primus to St. Bernard regarding information Primus acquired when it considered acquiring FACC. FACC also seeks to take the depositions of Mike Voegtlin ("Mr. Voegtlin"), Primus' Director, and Jim Hoover ("Mr. Hoover"), Primus' CEO.

FACC argues that this discovery is both relevant and unavailable from St. Bernard directly. FACC also indicates that it has narrowly tailored its requests, as it is only seeking communications made in the last year and those related to actions involving FACC and/or St. Bernard. Primus responds that FACC has not met its burden of proving that such discovery is relevant to the English Proceedings, and has otherwise not established why the information is unavailable from St. Bernard in the English Proceedings. Primus also argues that the real reason that FACC seeks the information from Primus is to evaluate whether FACC can bring a lawsuit against Primus as well.

**B.     28 U.S.C. § 1782**

A district court's determination of whether to compel production of information for use in a foreign tribunal is governed by 28 U.S.C. § 1782. The relevant portion of that statute

provides:

> The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal . . . The order may be made pursuant to . . . the application of any interested person . . . A person may not be compelled to give his testimony or statement or to produce a document or other thing in violation of any legally applicable privilege.

28 U.S.C. § 1782(a).

This statute indicates that a district court is authorized to assist a foreign tribunal by ordering discovery where (1) the person from whom discovery is sought resides or is found in the district, (2) the discovery is for use in a proceeding before a foreign tribunal, and (3) the application is made by a foreign or international tribunal or any other "interested person." *Schmitz v. Bernstein Liebhard & Lifshitz, LLP*, 376 F.3d 79, 84 (2d. Cir. 2004). However, a district court's compliance with a § 1782(a) request is not mandatory. *United Kingdom v. United States*, 238 F.3d 1312, 1319 (11th Cir. 2001). Rather, "[o]nce the statutory requirements are met, a district court is free to grant discovery in its *discretion*." *In re Metallgesellschaf AG*, 121 F.3d 77, 78 (2d. Cir. 1997) (emphasis added). The Supreme Court recently clarified the contours of this discretion by identifying the following four factors that district courts should consider when determining whether to compel discovery under § 1782(a):

(1) Whether the person from whom discovery is sought is a participant in the foreign proceeding;

(2) The nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign court to U.S. federal-court judicial assistance;

(3) Whether the request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States; and

(4) Whether the subpoena contains unduly intrusive or burdensome requests.

*Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264-65 (2004).

District courts should also exercise their discretion under § 1782(a) in light of the twin aims of the statute: providing efficient assistance to participants in international litigation, and encouraging foreign countries by example to provide similar assistance to our courts. *See Schmitz*, 376 F.3d at 84; *In re Application of Malev Hungarian Airlines*, 964 F.2d 97, 101-02

ORDER
PAGE - 3

(2d Cir. 1992). Importantly, there is nothing in the express terms of § 1782(a) or its legislative history that includes a "foreign-discoverability" rule. In other words, there is no requirement that the party seeking discovery prove that what is sought must be discoverable in the foreign proceeding. *See Intel*, 542 U.S. at 263.

In the instant case, the Court finds it clear that the three statutory requirements of § 1782(a) have been met. Primus resides in this district, the discovery FACC seeks from Primus will be "for use" in the English Proceedings as part of FACC's claim against St. Bernard, and FACC is a litigant in the English Proceedings and is therefore an "interested person" for purposes of § 1782(a). *See Intel*, 542 U.S. at 256 ("No doubt litigants are included among, and may be the most common example of, the 'interested person[s]' who may invoke § 1782"). The Court must therefore utilize its "discretion" to determine if the discovery should be produced. As indicated above, the Supreme Court in *Intel* identified four non-exclusive factors to help delineate the boundaries of this discretion. Based on these factors, and for other reasons mentioned below, the Court finds that FACC is not entitled to the discovery it seeks in this district.

Notably, the first three factors laid out by *Intel* cut in favor of FACC. Primus is a nonparty to the English Proceedings and therefore outside the jurisdiction of the English court, the English court would presumably be receptive to the introduction of relevant evidence, and there is no indication that FACC is bringing the instant motion to compel to circumvent any rules or policies of the English court. *See Intel*, 542 U.S. at 264-65. Nevertheless, the last factor identified by *Intel* compels this Court to preclude the discovery requested by FACC.

This factor requires the Court to determine if the requests are "unduly intrusive or burdensome." *See Intel*, 542 U.S. at 265. Here, FACC's requests are unduly burdensome primarily because FACC has failed to show why the information it seeks could not equally be obtained by St. Bernard. As FACC readily acknowledges, the English Civil Procedure Rules ("CPR") require St. Bernard to disclose "(a) documents on which it intends to rely; (b) documents which adversely affect its case, another party's case, or support another party's case; and (c) documents it is required to disclose by a relevant practice direction." (Dkt. #1 at 7).

Therefore to the extent that FACC seeks the discovery of information related to whether St. Bernard believed it entered into the Frame Contract with FACC, such information will be directly available from St. Bernard, and not Primus.

Yet FACC maintains that Primus, and not St. Bernard, should be compelled to produce the requested discovery because: (1) the Primus representatives are not subject to the English court's jurisdiction; (2) there is no certainty that FACC will receive the requested information from St. Bernard, and (3) Primus is the parent company of St. Bernard and has other potential relevant dealings with FACC. (Dkt. #1 at 11). However, FACC's arguments ignore the plain language of their own discovery requests. It is abundantly clear that each specific discovery request seeks information that is clearly in the possession of St. Bernard. For example, four of the thirteen discovery requests made by FACC ask Primus to produce documents regarding representations or information that St. Bernard made to Primus. These discovery requests specifically provide:

> 1. All documents regarding representations *made by St. Bernard to Primus* relating to St. Bernard's contractual relationship with [FACC];
>
> 2. All documents regarding representations *made by St. Bernard to Primus* relating to St. Bernard's contractual relationship with Rolls Royce;
>
> * * *
>
> 10. All documents regarding information *provided by St. Bernard to Primus* about the supply chain arrangements;
>
> * * *
>
> 12. All documents regarding information *provided by St. Bernard to Primus* relating to the English Proceedings.

(Dkt. #2, Decl. of Power, Ex. A at 9-10) (emphasis added).[1]

The remaining discovery requests seek information relating to "communications between St. Bernard and Primus" or "instructions from Primus to St. Bernard." (*Id.*). Therefore in every request made by FACC, St. Bernard is either the source of the requested discovery, or the

---

[1] FACC issued two identical subpoenas with the exact same requests to Mr. Voegtlin and Mr. Hoover to produce the discovery at-issue.

ORDER
PAGE - 5

recipient of the requested discovery. Indeed, it seems that FACC can easily require St. Bernard to produce the information it seeks by simply asking St. Bernard in the English Proceedings to produce all relevant communications, documents, and directives they have sent and received from Primus.

FACC further weakens their own arguments when they indicate in their reply that they are willing to limit their document request to email correspondence made by Primus. (Dkt. #10 at 6). This offer highlights that the requested discovery will certainly be available from St. Bernard, because there is no doubt that St. Bernard will be in possession of "sent" as well as "received" emails from Primus. It would be burdensome and duplicative to require Primus to produce the very same emails that St. Bernard will have to produce.

Furthermore, the Court also finds that FACC fails to detail with any specificity why the depositions of Mr. Voegtlin and Mr. Hoover are necessary. FACC merely suggests that because these two individuals are at management level positions at Primus, their depositions are needed to determine the full scope of the communications made between Primus and St. Bernard after Primus' acquisition of St. Bernard. However, FACC has brought suit against St. Bernard, and not Primus. Moreover, the Frame Contract that forms the basis of FACC's lawsuit against St. Bernard was allegedly entered into between FACC and St. Bernard, not FACC and Primus. Depositions should be sought from management level executives at St. Bernard rather than Primus to determine St. Bernard's understanding of the Frame Contract.

The Court also finds that the timing of FACC's motion undermines the legitimacy of their requests. FACC brought the instant motion to compel before St. Bernard had an opportunity to comply with their standard disclosure obligations in the English Proceedings. While it is certainly not unreasonable for a party to utilize § 1782(a) at any stage of the foreign proceedings, and there is no requirement that a § 1782(a) applicant exhaust the discovery procedures in the foreign tribunal, FACC conclusively determined that St. Bernard would not provide sufficient responses before even evaluating St. Bernard's proffered discovery. The Court is therefore skeptical of FACC's true motivation in bringing the instant motion to compel. As Primus suggests, the real reason FACC seeks information from Primus directly may indeed

be to determine if FACC has any colorable claims against Primus.

Regardless of FACC's intentions, the Court ultimately finds that where discovery is "equally available in both foreign and domestic jurisdictions, a district court [may] conclude that the § 1782 application [is] duplicative." *Metallgesellschaft AG*, 121 F.3d at 79. Here, FACC simply fails to show how the information it seeks cannot be obtained from St. Bernard in the English Proceedings, and fails to provide a compelling reason for why the depositions of two individuals at Primus are necessary. Under such circumstances, the Court finds that FACC has failed to justify the discovery it seeks.

### **III. CONCLUSION**

Having reviewed the relevant pleadings, and the remainder of the record, the Court hereby finds and orders:

(1) Fischer Advanced Composite Components AG's Motion to Compel (Dkt. #1) is DENIED. Pursuant to FRCP 45(c)(1), Primus is entitled to reasonable fees and costs associated with defending the subpoenas. Accordingly, Primus is directed to submit a declaration with exhibit(s) attached thereto detailing the fees and costs incurred in responding to this motion <u>within twenty (20) days from the date of this Order</u>.

(2) The Clerk is directed to forward a copy of this Order to all counsel of record.

DATED this 11th day of December, 2008.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE