UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| IN RE APPLICATION OF FISCHER ADVANCED COMPOSITE COMPONENTS AG FOR AN ORDER OF DISCOVERY PURSUANT TO 28 U.S.C. § 1972 | CASE NO. C08-1512 RSM<br><br>ORDER GRANTING IN PART APPLICATION FOR ATTORNEY'S FEES AND COSTS |

This matter comes before the Court on Primus International, Inc's ("Primus") Application for Fees and Costs. (Dkt. #25). On December 11, 2008, this Court denied Fischer Advanced Composite Components AG's ("FACC") motion to compel. ("Dkt. #16"). In that motion, FACC sought discovery of certain communications made by Primus, a corporation residing in this district, to its subsidiary company in the United Kingdom, St. Bernard Composites, Ltd., for use in foreign proceedings. FACC also sought to depose two individuals at Primus. The Court denied FACC's motion, awarded fees and costs to Primus pursuant to FRCP 45(c)(1), and directed Primus to submit a declaration detailing their fees and costs in defending the subpoenas.

Primus responded as directed, and requested a total of $59,968.73, the sum of $58,361.50 in attorney's fees, and $1,607.23 in costs. Primus contends that this amount is reasonable given the complex nature of this subpoena request, which required the involvement of English counsel, as well as substantial research under a statute that is normally

ORDER
PAGE - 1

not utilized in a motion to compel. However, Primus's arguments are not persuasive. The Court will reduce the total amount of fees and costs for the following two reasons.

First, the issues involved with the instant motion were straightforward. FACC's motion to compel was brought under 28 U.S.C. § 1782, a statute that governs a district court's decision to order the production of discovery for use in a foreign tribunal. While the Court agrees with Primus that the statute is uncommon, it is not overly complex. The Supreme Court has laid out a relatively clear four-part test to determine whether discovery should be compelled under § 1782. *See Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264-65 (2004). Moreover, the case law following *Intel Corp.* is not exhaustive, nor does it warrant any special or additional research. Counsel for Primus nevertheless maintains that "this was not an ordinary motion to compel, but instead involved *real issues of law that we reasonably researched, evaluated, and then briefed to the Court*." (Decl. of Elburg, ¶ 14) (emphasis added). The Court finds this statement remarkable. The statement implies that in "ordinary" motions to compel, reasonable research, evaluation, and briefing is not performed, and that "ordinary" motions to compel do not involve "real" issues of law. The Court understands the spirit of what counsel for Primus is attempting to say, but certainly does not find any legitimacy to Primus's argument. Primus does not deserve any special treatment in this case.

Second, the collective work by the three firms that apparently dealt with the motion to compel is both duplicative and excessive. It is well-settled that a district court should exclude from an award of attorney's fees hours that were not reasonably expended. *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). Thus, courts must scrutinize requests for attorney's fees and exclude those hours that are excessive, duplicative, or unnecessary. *See Carrasco v. City of Douglas*, 1996 WL 792075, *2 (9th Cir. 1995); *see also Lipsett v. Blanco*, 975 F.2d 934, 938 (1st Cir. 1992) ("A trial court should ordinarily greet a claim that several lawyers were required to perform a single set of tasks with healthy skepticism."). Here, the Court finds no justification in awarding Primus fees for work done by three separate law firms and six different attorneys. As previously established, the substantive issues in this case were

straightforward.  The excessive nature of Primus's fee request is highlighted by the approximately 133 hours billed by all three firms in drafting, reviewing, and revising the responsive brief and the two supporting declarations in support thereof.  As a result, the Court will only consider the fees and costs incurred by counsel at Savitt and Bruce.  It was the attorneys at Savitt and Bruce who were local counsel to this litigation, and were therefore responsible for responding to FACC's motion to compel.

Consequently, the Court finds that Primus is only entitled to the fees and costs incurred by local counsel in this case.  These amounts were both reasonable and appropriate in defending FACC's motion to compel.  This amount totals $11,977.94, the sum of $11,901.50 in attorney's fees, and $76.44 in costs.

The Clerk is directed to forward a copy of this Order to all counsel of record.


DATED this  17  day of February, 2009.



RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE